IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | : | CRIMINAL ACTION NO.<br>1:03-CR-0648-WBH |
| v. | : | CIVIL ACTION NO.<br>1:09-CV-1605-WBH |
| MARCELLUS HENDERSON,<br>Defendant. | : | 28 U.S.C. § 2255 |

### ORDER

This matter is before the Court for consideration of the Report and Recommendation in which the Magistrate Judge recommends that Defendant's 28 U.S.C. § 2255 motion to vacate, [Doc. 290], and motion for relief from final judgment, [Doc. 296], be denied because the § 2255 motion is successive.

On January 31, 2011, [Doc. 287], this Court denied Defendant's earlier Fed. R. Civ. P. 60(b) motion for relief from judgment, [Doc. 286], without prejudice to Defendant renewing his motion along with a proposed, amended § 2255 motion that demonstrates that Movant is entitled to relief. This Court's reasoning was that, although he likely is not entitled to the relief he seeks, Defendant is serving a life sentence, his appellate attorney filed an Anders brief, and an attorney hired to pursue § 2255 relief botched Defendant's last opportunity to obtain relief. In short, Defendant has not received any meaningful review of his conviction, and this Court

wanted to insure that he did not have a compelling claim before denying his last opportunity for relief on procedural grounds.

Defendant has now filed his renewed Rule 60(b) motion and amended § 2255 motion, and this Court concludes that he is not entitled to relief. The Supreme Court made clear that "a movant seeking relief under Rule 60(b)(6) [must] show extraordinary circumstances" and that "[s]uch circumstances will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 534 (2005) (citations and quotations omitted).

Defendant received his life-plus sentence for his involvement in an attempted bank robbery that resulted in the death of a bank employee who was shot after she could not open the bank's vault. Defendant raises several claims in his amended § 2255 motion which all depend on his assertion that the evidence at his trial was insufficient for the jury to conclude that he entered the bank or was aware of the fact that his coconspirators carried guns. Defendant testified at the trial and claimed that he was merely the lookout for two others who entered the bank, and he claimed that he did not know about the guns. However, this Court has reviewed the trial transcript, and there was plenty of evidence for the jury to conclude that Defendant did, in fact, know about the guns. Indeed, the evidence was sufficient for the jury to find that Defendant was in the bank during the robbery and that he shot the victim.

AO 72A
(Rev.8/82)

Accordingly, this Court concludes that Defendant is not entitled to relief under Rule 60(b) and that his § 2255 motion is successive. Accordingly,

**IT IS HEREBY ORDERED** that this Court **ADOPTS** the Report and Recommendation, [Doc. 297], as the Order of this Court, and Defendant's Rule 60(b) motion, [Doc. 296] and his § 2255 motion, [Doc. 290], are **DENIED**.

**IT IS SO ORDERED** this 27 day of January, 2012.

_____
WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)